Joyce W. Lindauer
State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas St.
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
PROPOSED ATTORNEYS FOR DEBTOR

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WOODLAND OAKS INVESTORS, LLC, | ) | Case No. 26-11987-sah |
| | ) | |
| Debtor. | ) | Chapter 11 |

## DEBTOR'S REPLY TO SAPEREAN CAPITAL IV TB NOTE LENDER KD4, LLC'S OBJECTION TO DEBTOR'S AMENDED EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND BRIEF IN SUPPORT

**TO THE HONORABLE CHIEF U.S. BANKRUPTCY JUDGE SARAH A. HALL:**

COME NOW Woodland Oaks Investors, LLC, the debtor in the above-styled and numbered case (the "Debtor"), and files this Reply to the *Objection to Emergency Motion for Authority to Use Cash Collateral* (Dkt. 51, the "Objection") filed by Saperean Capital IV TB Note Lender KD4, LLC (the "Lender"), and in support of same would respectfully show the Court as follows:

1.     **The Motion is procedurally defective.** The Objection fails to comply with Local Rule 9013-1.C by (a) not including in the title the phrase "and Brief in Support", and (b) exceeding the 20-page maximum length. The Lender should be required to file a corrective pleading. Alternatively, the Court should disregard the Objection from page 21 forward.

2.     **The Lender intentionally violated the automatic stay.** By admission, the Lender intentionally violated the automatic stay by foreclosing on the Fairfax Property[1] and the Woodland

---

[1] Capitalized terms shall have the same meanings assigned to them in the Objections unless otherwise defined herein.

Property (collectively, the "Properties") despite having advance notice of the filing of these bankruptcy cases, and despite the physical presence of Debtors'[2] state court counsel at the sale, who informed the Lender of the bankruptcy filings before the so-called "conditional sales" occurred (see paras. 33, 34 and 35 of the Objection). The Lender maliciously chose to charge forward with the foreclosure as though the automatic stay did not exist. The purpose of this hyper-aggressive tactic is clear – the Lender intends to argue to this Court that the improper foreclosure is a *fait accompli* that should not be reversed because it would be disruptive to the present order favored by the Lender. This brazen violation of 11 U.S.C. Section 362 is in bad faith, and all the Lender's allegations should be taken with a grain of salt.

3.    **No justification exists to deny the use of cash collateral simply because "the Receiver is already using the Rents".** As with its violation of the automatic stay, the Lender argues that the Receiver's use of the Rents has already happened and cannot be reversed because it would upset the Lender's present position. According to the Lender's logic, the Receiver should be able to continue to use the Rents because he already has them. That the Lender would advance such a circular argument proves the point that the Lender cares nothing for whether the Receiver's entrapment of the Rents is detrimental to the Debtors' attempt to reorganize.  Of course the Debtor's use of cash collateral would be "disruptive" – <u>to the Lender</u>. For all other parties-in-interest it would restore the income necessary to operate the Properties, reestablish the ability to obtain new financing and/or investment, and allow the Debtors to file a feasible plan for the benefit of all creditors.

---

[2] References to the "Debtors" shall mean collectively Fairfax Investors, LLC (Case No. 26-11984), Fairfax Best Living, LLC (Case No. 26-11985), Woodland Oaks Best Living, LLC (Case No. 26-11986), and Woodland Oaks Investors, LLC (Case No. 26-11987). Because these cases are not yet jointly administered, the Lender filed near duplicate Objections to the Motions for Use of Cash Collateral filed in the related Debtors' cases. Similar versions of this Response will likewise be filed in the related cases.

4. **The Debtors can offer adequate protection payments in addition to the protections they have already offered.** The Debtors have agreed to the Lender's Motion to Determine Case is Single Asset Real Estate (Dkt. 53). As a result, the Debtors will have 90 days to begin adequate protection payments or file a feasible plan, which they can and will do. The Debtors are aware of their responsibilities under the SARE standards and are confident they can fulfill them, provided their use of cash collateral is restored. At any rate, the Debtors are presently asking for interim relief only. Nothing substantial is likely to happen in the time between the interim and final hearing on cash collateral that would have a material effect on the value of the Lender's collateral.

5. **The Debtors have equity in the Properties.** The Lender maintains there is no equity cushion in the Properties that would provide adequate protection. The Lender refuses to offer any professional appraisals to support this, although the Debtors believe it has them. Instead, in support of this allegation the Lender offers the Affidavit of Shawayan Ahmadian, who claims to have assessed the combined value of the Properties at $42,800,000.00 against debt of $61,000,000.00.  But Mr. Ahmadian is not qualified to give this opinion, at least not based on his affidavit, which offers no credentials other than "I am a Vice President, Debt, Real Estate at Kayne Anderson". The Debtors strongly disagree with Mr. Ahmadian's unsupported opinions of value, as well as his assertion that the debt is $61,000,000[3].

6. **The Debtors' 13-week budgets show the ability to operate at a profit.** The Lender argues that the Debtors' 13-week budgets show the Properties will operate at a deficit. That is incorrect. The Fairfax budget plainly indicates a 13-week operating income of $733,652.00 and operating expenses of $599,736.00, for an operating profit of $133,916.00 over the period. The

---

[3] In February 2026 the Lender claimed that the total debt was approximately $54 million.

Woodland Oaks budget shows a 13-week operating income of $929,383.00 and operating expenses of $471,351.00, for an operating profit of $458,032.00. The Lender also complains that budgets include line items for professional fees and pre-petition debt service, but these are bookmark entries that cannot actually be paid without court approval, which will not happen during the interim period.

7.      **The Debtors expect to negotiate regarding the use of cash collateral.** Despite the many flaws in the Objection, the Debtors realize that the budgets are proposals that could change, provided the Lender negotiates in good faith. The Debtors stand ready to negotiate reasonable amendments and controls that would come closer to satisfying the Lender's desires.

8.      **Remedies upon default.** The Lender claims that the Debtors' proposed use of cash collateral "contains no meaningful enforcement mechanism". To the contrary, the proposed Interim Order attached to the Motion states in paragraph 12 the right to use cash will end if (a) an event of default remains uncured after 10 days' notice, (b) conversion of the case to Chapter 7, and (c) entry of an order modifying or terminating the Interim Order. Again, the Debtors are willing to entertain the Lender's ideas for changes to this proposal.

WHEREFORE, the Debtors request that the Court grant the Debtors' Emergency Motions for Authority to Use Cash Collateral, and such other relief as is proper.

Dated: July 7, 2026.

Respectfully submitted,

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Proposed Attorneys for Debtor

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 7, 2026, a true and correct copy of the foregoing document was served via the Court's CM/ECF system upon all parties registered to receive electronic notice in these cases, via United States first class mail, postage prepaid, on the parties on the attached service list; and by email on the parties listed below.

**RECEIVER**
Scott Shefman
Friedman Real Estate Management
C/O Andrea Bouchard
34975 West Twelve Mile Rd.
Farmington Hills, MI, 48331
Email: andrea.bouchard@freg.com

**COUNSEL FOR RECEIVER**
Lauren C. Fabela, OBA #33666
Gordon Rees Scully Mansukhani, LLP
3030 NW Expressway, Suite 300 #682
Oklahoma City, OK 73112
Email: lfabela@grsm.com

**COUNSEL FOR SAPEREAN CAPITAL IV TB NOTE LENDER KD4, LLC**
Kiran A. Phansalkar
Conner & Winters
1700 One Leadership Square
211 North Robinson Avenue
Oklahoma City, OK 73102
Email: KPhansalkar@cwlaw.com

**COUNSEL FOR THE UNITED STATES TRUSTEE**
Marjorie J. Creasey
Department of Justice, U.S. Trustee
215 Dean A. McGee Ave., Suite 408
Oklahoma City OK 73102
Email: marjorie.creasey@usdoj.gov

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

Label Matrix for local noticing
1087-5
Case 26-11987
Western District of Oklahoma
Oklahoma City
Tue Jul  7 13:43:44 CDT 2026

Saperean Capital IV TB Note Lender KD4, LLC
McAfee & Taft
c/o Preston Sullivan
8th Floor, Two Leadership Square
211 N. Robinson Avenue
Oklahoma City, OK 73102-7109

Woodland Oaks Investors, LLC
1422 E 71st St
Tulsa, Ok 74136-5060

Aaron & Sons Remodeling
9263 E 58TH ST
TULSA, OK 74145-8327

Accent Restoration, LLC
6972 E 38th St. Suite 200
TULSA, OK 74145-3246

Alert Plumbing LLC
3975 S Sheridan Rd
TULSA, OK 74145-1113

American Waste Control, Inc
PO BOX 21054
TULSA, OK 74121-1054

Answer Advantage
131 N Glendale
WICHITA, KS 67208-4022

Arcadia Printing
14956 S GRANT ST
BIXBY, OK 74008-3834

Birdeye, Inc.
2479 E BAYSHORE RD STE 188
PALO ALTO, CA 94303-3245

Boyle Services, Inc.
701 W 41ST ST
TULSA, OK 74107-7020

Central Oklahoma Winnelson Co Inc.
5037 NW 10TH ST
OKLAHOMA CITY, OK 73127-6765

Champions Resurface and Paint
PO BOX 692069
TULSA, OK 74169-2069

Chemsearch FE
2727 CHEMSEARCH BLVD
IRVING, TX 75062-6454

Cintas Fire Protection
PO BOX 636525
CINCINNATI, OH 45263-6525

City of Tulsa Utilities
Utilities Department
TULSA, OK 74187-0001

Conservice LLC
PO BOX 4696
LOGAN, UT 84323-4696

Coral Swimming Pool Supply Co
2315 E 69TH ST
TULSA, OK 74136-3985

Corinthian Solutions, Inc.
12003 S TAMARACK ST
JENKS, OK 74037-4396

Costar - Apartments.com
2563 Collection Center Dr
CHICAGO, IL 60693-0025

Cox Business
PO BOX 650963
DALLAS, TX 75265-0963

Custom Technologies Plus Electric
2421 N ASPEN AVE
BROKEN ARROW, OK 74012-1142

Empire Protection Services
14083 S STATE HIGHWAY 51 # 134
COWETA, OK 74429-7100

Entrata Inc.
PO BOX 30015
SALT LAKE CTY, UT 84130-0015

Freshworks Inc.
2950 S DELAWARE ST STE 201
SAN MATEO, CA 94403-2578

H&A Investments LLC
801 W ABI RD
WASHINGTON, OK 73093-9704

HD Supply
Remittance
SAN DIEGO, CA 92150

HP Services, LLC
1209 N Fulton Ave
TULSA, OK 74115-5513

Hy.Ly
43745 WELTY CT
ASHBURN, VA 20147-5850

Jackson Mechanical Service Inc
2600 N OKLAHOMA AVE
OKLAHOMA CITY, OK 73105-3021

Jackson Slayter
9218 E 38TH ST
TULSA, OK 74145-3436

Johnstone Supply of Tulsa, Inc.
9955 E 55th Pl
TULSA, OK 74146-6404

Kayne Anderson Real Estate Advisors IV, LLC
2121 AVENUE OF THE STARS FL 9
LOS ANGELES, CA 90067-5034

Kings III of America
751 Canyon Drive Suite 100
COPPELL, TX 75019-3857

Lowe's Pro MSH
PO BOX 301451
DALLAS, TX 75303-1451

Lucky 13 Carpet Cleaning
2369 S 65TH WEST AVE
TULSA, OK 74107-2350

Merritt Sealing Company, Inc.
PO BOX 75728
OKLAHOMA CITY, OK 73147-0728

Neuman, Pollak & Assoc., PA
124 SLADE AVE STE 110
BALTIMORE, MD 21208-4900

ODP Business Solutions
PO BOX 660113
DALLAS, TX 75266-0113

Oklahoma Department of Labor
409 NE 28TH ST FL 3
OKLAHOMA CITY, OK 73105-4215

Oklahoma Natural Gas Company
15 E 5th St
TULSA, OK 74103-4326

Prime Cleaning, LLC
9830 S Oswego Ave
TULSA, OK 74137-5223

Progressive Painting
27203 JOY AVE
BROKEN ARROW, OK 74014-6140

(p)AMERICAN ELECTRIC POWER
ATTN JASON E REID
1 RIVERSIDE PLAZA 13TH FLOOR
COLUMBUS OH 43215-2373

RLL, Renters Legal Liability
101 E Washington Blvd, 10th floor
FORT WAYNE, IN 46802-3145

Rasa Floors
PO BOX 619130
DALLAS, TX 75261-9130

Redi Carpet Sales of Oklahoma LLC
PO BOX 971442
DALLAS, TX 75397-1442

Rent Dynamics
PO Box 30015
SALT LAKE CITY, UT 84130-0015

Rent Group Inc
PO BOX 740925
ATLANTA, GA 30374-0925

ResMan, LLC
2901 Dallas Pkwy Ste 200
PLANO, TX 75093-5982

Resolve Asset Management Services
1127 NW 25TH ST
OKLAHOMA CITY, OK 73106-5646

Saldierna Remodeling
PO BOX 582061
TULSA, OK 74158-2061

Standley Systems
PO BOX 460
CHICKASHA, OK 73023-0460

Torch Service Company, LLC
107 W 4TH AVE
OWASSO, OK 74055-3435

Trademark Exteriors Restoration LLC
36 NE 52ND ST
OKLAHOMA CITY, OK 73105-1826

Tulsa Apartment Association
6855 S CANTON AVE
TULSA, OK 74136-3405

Tulsa Evictions, LLC
624 S DENVER AVE STE 300
TULSA, OK 74119-1075

Tulsa Home Guard
15301 S 76TH EAST AVE
BIXBY, OK 74008-4161

Tulsa Wildlife and Pest
4005 E 96TH ST N
SPERRY, OK 74073-4507

United States Trustee
United States Trustee
215 Dean A. McGee Ave., 4th Floor
Oklahoma City, OK 73102-3479

Vesta Landscaping Services, LLC
6400 W 110TH ST STE 201
LEAWOOD, KS 66211-1585

Vesta Realty
6400 W 110TH ST STE 201
OVERLAND PARK, KS 66211-1585

Westlake Ace
PO BOX 219370
KANSAS CITY, MO 64121-9370

Zillow Rentals
1301 2ND AVE FL 36
SEATTLE, WA 98101-3800

Zumper, Inc.
Dept 0354
DALLAS, TX 75312-0354

Joyce W. Lindauer
Lindauer & Vaughn
117 S. Dallas Street
Ennis, TX 75119-4744

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Public Service Company of Oklahoma
PO BOX 371496
PITTSBURGH, PA 15250-7496

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)YSA Investments 1, LLC

(u)Sherwin Williams Company
6301 S Garnett Rd

End of Label Matrix
Mailable recipients    65
Bypassed recipients     2
Total                  67